NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKEY R., | Civil Action No. 18-15613 (JLL) |
| Petitioner, | |
| v. | OPINION |
| JEFFERSON B. SESSIONS, | |
| Respondent. | |

**LINARES**, Chief District Judge.

Presently before the Court is the *pro se* petition for a writ of habeas corpus of Petitioner, Rickey R., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Based on the application Petitioner has submitted, (ECF No. 1 at 14–15), this Court finds that *in forma pauperis* status is warranted in this matter. As Petitioner will be granted *in forma pauperis* status, this Court is required to screen the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the petition for lack of jurisdiction.

**I.     BACKGROUND**

Petitioner is a native and citizen of Antigua who initially entered the United States in 1993. (ECF No. 1 at 3). Following the issuance of an order of removal, Petitioner was removed from the United States in August 2000. (*Id.*). Three years later, however, Petitioner illegally reentered the United States. (*Id.*). In July 2015, Petitioner was taken into immigration custody. (*Id.*). On December 24, 2015, Petitioner's prior order of removal was reinstated. (*Id.*). Petitioner thereafter

1

was placed in withholding only proceedings, which apparently resulted in a new decision directing his removal in September 2017, which was upheld by the Board of Immigration Appeals in February 2018. (*Id.* at 4). Petitioner apparently has an appeal of that decision pending before the Second Circuit Court of Appeals at this time. (*Id.*).

## II.     DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), the courts are required to preliminarily review habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**B. Analysis**

In his newly filed habeas petition, Petitioner seeks not to challenge his current period of immigration detention, but instead seeks to have his current final order of removal invalidated based upon his argument that the notice to appear which triggered his removal proceedings, either in the 1990s or in 2015, was deficient. In passing the REAL ID Act, Congress greatly restricted the jurisdiction of district courts in relation to the review of removal proceedings and facts related to an alien's order of removal. *See* 8 U.S.C. § 1252. Pursuant to the Act,

> [n]otwithstanding any other provision of law (statutory or nonstatutory), including [28 U.S.C. § 2241], or any other habeas corpus provision, and [28 U.S.C. §§ 1361 and 1651, the statutes which provide the basis for mandamus jurisdiction,] a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus pursuant to [28 U.S.C. § 2241], or any other habeas corpus provision, [28 U.S.C. §§ 1361 and 1651], and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5). The statute likewise provides that

> [j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under [8 U.S.C. § 2241] or any other habeas corpus provision, by [28 U.S.C. §§ 1361 or 1651], or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). As the Third Circuit has explained, Congress's goal in passing the Act was "to streamline . . . uncertain and piecemeal review of orders of removal, divided between the

district courts (habeas corpus) and the courts of appeals (petitions for review)," which Congress sought to achieve "[b]y placing all review in the courts of appeals [thus providing] an adequate and effective alternative to habeas corpus." *Verde-Rodriguez v. Atty' Gen.*, 734 F.3d 198, 207 (3d Cir. 2013).

Thus, once an alien is subject to a final order of removal, this Court is without jurisdiction to review the propriety of that order or the propriety of any factual or legal determinations made by the immigration courts in the process of producing that order. Because Petitioner is subject to a final, reinstated removal order, as well as the final order of the BIA dismissing his withholding of removal claim, this Court lacks jurisdiction over Petitioner's claim that his notice to appear was deficient and thus robbed the immigration courts of jurisdiction to issue his removal order. Any such claim must instead be raised through a petition for review with the correct Court of Appeals, which appears to be the Second Circuit in this instance. Because this Court lacks jurisdiction over this claim, and because Petitioner does not otherwise raise any challenge to his detention over which this Court would possess jurisdiction, Petitioner's habeas petition shall be dismissed for lack of jurisdiction in its entirety.

### III. CONCLUSION

For the reasons expressed above, Petitioner's application to proceed *in forma pauperis* is granted, and Petitioner's habeas petition is dismissed for lack of jurisdiction. An appropriate order follows this opinion.

JOSE L. LINARES
Chief Judge, United States District Court